UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| PAUL L. MCMILLIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:05-cv-493 |
| ) | (Phillips/Guyton) |
| TUSCULUM COLLEGE, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by Order [Doc. 28] of the Honorable Thomas W. Phillips, United States District Judge, for disposition of Defendant's Motion to Quash [Doc. 26].

This is an action for discrimination and misrepresentation brought against the defendant Tusculum College by a former student. The defendant moves to quash a subpoena served by the plaintiff on non-party Southern Association of Colleges and Schools, Inc. ("Southern Association"). [Doc. 26]. For grounds, the defendant states that the subpoena requests the production of documents related to the probation, suspension or revocation of the accreditation of Tusculum College by Southern Association between June 1, 2002 and December 1, 2004.[1] The defendant argues that the requested documents are not relevant to any issue in this case, nor could they be reasonably calculated to lead to any relevant evidence. The defendant further argues that the material is being sought solely for the purpose of vexation.

---

[1] The defendant did not attach a copy of the subject subpoena as an exhibit to its motion.

The plaintiff, proceeding *pro se*, opposes the defendant's motion, arguing that the requested documents will substantiate and support his claim that the defendant fraudulently misrepresented certain facts to the plaintiff. [Doc. 29].

A party to a civil action "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ." Fed. R. Civ. P. 26(b)(1). In his Complaint [Doc. 2], the plaintiff asserts two claims in this case. The first is an action for discrimination under Title VI of the Civil Rights Act of 1964. [Id. at ¶1]. The second is an action for fraudulent misrepresentation of educational services and support for those services by the defendant. [Id. at ¶2]. In support of this second claim, the plaintiff specifically alleges in his complaint as follows:

> a.) On or about December 1, 2002, Defendant was placed on probation by the Southern Association of Colleges/Commission on Colleges. This organization is the accrediting agency for Defendant. At no time did Defendant inform Plaintiff of this probationary status, but fraudulently misrepresented through omissions, concealment of facts and negligence, the wholeness of the program through personal tours, meetings with faculty and media presentations;
>
> b.) On or about December 1, 2002, Defendant was notified that certain and specific curriculum program components were deficient. Defendant fraudulently misrepresented thorough [sic] omissions, concealment of facts and negligence that these components were sufficient and in good standing for the purpose of providing educational services and support of educational services represented by Defendant . . . .

[Id. at ¶23].

The defendant argues that the plaintiff's fraudulent misrepresentation claim is an attempt to pursue a claim that has already been dismissed with prejudice in state court. In support of this argument, the defendant submits certified copies of several state court documents, including the plaintiff's complaint and a proposed amended complaint in which the plaintiff alleges that the

defendant concealed facts with respect to its accreditation status. The defendant, however, has never sought to dismiss this fraudulent misrepresentation claim[2], and therefore, this claim remains a viable cause of action in this litigation. Whether the claim has any merit or should be dismissed as a matter of law is currently not before this Court. The issue presently before the Court is whether the requested discovery is relevant to "any claim or defense of any party." Based upon the allegations as stated in the plaintiff's complaint, the Court finds that the plaintiff has made an adequate showing that the requested documents, which relate to the defendant college's probationary status during the time that the plaintiff was enrolled there, are relevant to the plaintiff's claim of fraudulent misrepresentation.

      The Court further rejects the defendant's argument that this subpoena was served solely for the purpose of vexation. The defendant has not shown that the plaintiff issued this subpoena for an improper purpose. Moreover, to be vexatious is to act "without reasonable or probable cause or excuse." Black's Law Dictionary 1565 (6th ed. 1990). As the Court has found that the requested discovery is relevant to the plaintiff's fraudulent misrepresentation claim, the Court cannot say that this subpoena was issued without reasonable or probable cause.

---

[2]The defendant did file a motion to dismiss challenging the plaintiff's Title VI claim, arguing that the plaintiff's complaint filed to state a claim upon which relief may be granted because the plaintiff failed to allege that he had been discriminated against on the ground of race, color, or national origin. [Doc. 6]. At the scheduling conference on September 25, 2006, the District Court denied the defendant's motion to dismiss as premature. [Doc. 16].

For the foregoing reasons, Defendant's Motion to Quash Subpoena [Doc. 26] is **DENIED**.

**IT IS SO ORDERED.**

**ENTER:**

s/ H. Bruce Guyton
United States Magistrate Judge